**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:25-cv-00308-MR**

| | |
|---|---|
| **CHRISTOPHER PORTER,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **FRANK BISIGNANO,** <br> **Commissioner of Social Security,** <br><br> **Defendant.** | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's appeal of the Commissioner's decision denying his benefits. The parties have fully briefed the issues. [Docs. 7, 10].

## I. BACKGROUND

On May 9, 2021, the Plaintiff, Christopher Porter ("Plaintiff"), filed an application for disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of November 4, 2020. [Transcript ("T.") at 22]. The Plaintiff's claim was denied initially on March 8, 2022, and denied upon reconsideration on January 8, 2024. [Id.].

A hearing was held on September 4, 2024, before an Administrative Law Judge ("ALJ"). [Id.]. On September 17, 2024, the ALJ issued a written

decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act after the alleged onset date of November 4, 2020. [Id. at 30]. The Appeals Council denied the Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla

of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof,

which significantly limit the claimant's ability to perform work activities, then no severe impairment is established, and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education, or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative

work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff did not engage in any substantial gainful activity after his alleged onset date, November 4, 2020. [T. at 24]. At step two, the ALJ found that during the relevant period the Plaintiff had severe impairments including: "degenerative disc disease of the cervical spine, status post anterior cervical discectomy and fusion; osteoarthritis of the bilateral knees; bilateral carpal tunnel syndrome; and obesity." [Id.]. The ALJ also found that the Plaintiff had the non-severe impairments of diabetes mellitus, asthma, hyperlipidemia, and depression. [Id. at 24-25]. At step three, the ALJ determined that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled

the Listings. [Id. at 26]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, had the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except: never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; frequently balance; occasionally stoop, kneel, and crouch; never crawl; frequent, but not constant, handling/gross manipulation and fingering and feeling with the bilateral upper extremities; and should avoid constant exposure, meaning can tolerate frequent, but not constant, exposure to workplace hazards, such as unprotected heights and dangerous moving machinery.

[Id. at 26].

At step four, based upon the vocational expert's testimony, the ALJ concluded that the Plaintiff was able to perform past relevant work as a yard manager. [Id. at 28]. The ALJ alternatively concluded that at step five, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including cashier II, housekeeping cleaner, marker, and routing clerk. [Id. at 30]. The ALJ therefore concluded that the Plaintiff was not "disabled" from November 4, 2020, the alleged onset date, through the date of decision. [Id.].

## V. DISCUSSION[1]

The Plaintiff asserts, *inter alia*, that the ALJ erred in failing to consider the Plaintiff's lumbar degenerative disc disease ("DDD") as a severe impairment in assessing the Plaintiff's RFC. [Doc. 7 at 2]. The Plaintiff contends that this failure affects the RFC, which does not include a limitation on standing, walking, or sitting. [Id. at 9]. The Defendant responds that the ALJ's failure to consider that impairment was a harmless error because the ALJ "considered all of Plaintiff's medically determinable impairments, including those that are not severe, when assessing his RFC." [Doc. 10 at 5].

### A. The ALJ's Failure to Find the Plaintiff's Lumbar DDD "Severe"

The ALJ's determination at step two of the sequential evaluation process as to whether an impairment is severe is a threshold determination. See 20 C.F.R. § 404.1520(c). An impairment is non-severe only if it is a "*slight abnormality* which has such a *minimal* effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir.1984) (quoting Brady v. Heckler, 724 F.2d 914, 920

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

(11th Cir. 1984)) (emphasis in original); 20 C.F.R. § 404.1522(a) ("An impairment . . . is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Plaintiffs bear the burden to demonstrate their impairments are severe. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S. Ct. 2287, 2294 n.5 (1987). This is not a difficult standard for plaintiffs to satisfy. See Albright v. Comm'r of Soc. Sec. Admin., 174 F.3d 473, 474 n.1 (4th Cir. 1999).

Courts in this Circuit generally consider an ALJ's failure to list a specific impairment as severe in step two a harmless error provided that the ALJ found other severe impairments and considered the effects of the impairment in his continued analysis. See Lewis v. Astrue, 937 F. Supp. 2d 809, 819 (S.D.W. Va. 2013) (applying harmless error standard where the ALJ proceeded to step three and considered non-severe impairments in formulating the claimant's RFC); Cowan v. Astrue, No. 1:11-cv-00007-MR, 2012 WL 1032683, at *3 (W.D.N.C. Mar. 27, 2012) (collecting cases); Spurlock v. Berryhill, No. 3:17-cv-02240, 2018 WL 1956119, at *14 (S.D. W. Va. Apr. 2, 2018) ("Courts in this circuit have held that failing to list a severe impairment at the second step of the process generally is not reversible error as long as the process continues and any functional effects of the impairment are appropriately considered during the later steps.") (collecting cases)

report and recommendation adopted, No. 3:17-cv-02240, 2018 WL 1954835 (S.D. W. Va. Apr. 2, 2018); Shannon v. Berryhill, No. 1:17-cv-00066-RJC, 2018 WL 1567368, at *2 (W.D.N.C. Mar. 30, 2018).

Here, as the ALJ continued her analysis beyond step two, remand is not appropriate simply because the Plaintiff's alleged lumbar DDD was not labeled "severe" even if the ALJ erred in that determination. However, the ALJ is required to consider the limiting effects of all of the Plaintiff's impairments, including those that are nonsevere, in assessing the Plaintiff's RFC. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2); SSR 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

**B. The ALJ's Failure to Discuss the Plaintiff's Lumbar DDD in Forming the RFC**

The RFC is "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for determining a claimant's RFC, id. § 404.1546(c), based on "all of the relevant evidence in the [claimant's] case record," id. § 404.1545(a)(1). In forming the RFC, the ALJ "must both identify evidence that supports his conclusion and build an accurate and logical bridge from that evidence to his conclusion." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (brackets, emphasis, and internal quotation marks omitted); see also Monroe, 826 F.3d

at 189. An ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Mascio, 780 F.3d at 636 (citing SSR 96-8p).

"When assessing the claimant's RFC, the ALJ must examine 'all of [the claimant's] medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." Lewis v. Berryhill, 858 F.3d 858, 862 (4th Cir. 2017) (first quoting 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2); then quoting Mascio, 780 F.3d at 635). The ALJ must "consider all [the claimant's] symptoms, including pain, and the extent to which [his] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Id. (quoting 20 C.F.R. §§ 404.1529(a), 416.929(a)). If there is sufficient evidence that the claimant has a medically determinable impairment, the ALJ "must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [his] symptoms limit [his] capacity for work." Id. (quoting 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1)).

In this case, the ALJ found at step two that the Plaintiff had the severe impairments of cervical DDD, status post anterior cervical discectomy and fusion; osteoarthritis of the bilateral knees; bilateral carpal tunnel syndrome;

and obesity. [T. at 24]. The ALJ also found that the Plaintiff had the non-severe impairments of diabetes mellitus, asthma, hyperlipidemia, and depression. [Id. at 24-25]. In her discussion of her step two findings, the ALJ never mentioned the Plaintiff's lumbar DDD. During the RFC determination, the ALJ also does not mention the Plaintiff's lumbar DDD.

A review of the ALJ's explanation shows that she did not discuss or reference certain significant portions of the Plaintiff's medical providers' reports in concluding that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." [Id. at 27]. The ALJ did not discuss clinical observations and testing that indicated symptoms of lumbar DDD. This included the Plaintiff's lumbar MRI in which nurse practitioner Julie Justice observed severe central stenosis of the spinal cord at L3-4 and L4-5, and NP Justice's observation that the Plaintiff had sensory loss in his legs. [Id. at 412]. Dr. Jeffery Smith also observed, based on the MRI, multilevel degenerative changes in the lumbar and moderate to severe central canal stenosis at the L5-S1 level. [Id. at 403]. The ALJ also did not discuss Dr. Gordon Early's observations of sensory loss in the Plaintiff's lower extremities and opinion that his gait suggested lumbar stenosis and made him a "[p]oor candidate for prolong standing[ and] prolonged walking."

[Id. at 449]. Additionally, although the ALJ acknowledged the Plaintiff's corrective cervical surgery in her RFC analysis, [id. at 27], she did not discuss his doctors advising against corrective lumbar surgery due to the Plaintiff being "extremely high risk," [id. at 412]. By not discussing this evidence, the ALJ failed to perform the required analysis to determine whether and how the Plaintiff's lumbar DDD symptoms could limit his capacity for work. See 20 C.F.R. § 404.1529(a), (c)(1).

Without reference to lumbar DDD, the ALJ briefly mentioned the Plaintiff's symptoms of back pain, numbness, and difficulty standing, walking, and sitting. [T. at 27]. The ALJ's failure to cite specifically to lumbar DDD, however, makes it impossible to confirm that she considered these complaints, or the medical evidence regarding these complaints and diagnoses, in reaching the RFC. Further, because the Plaintiff has obesity, cervical DDD, and osteoarthritis, the Court cannot determine whether the ALJ thought the back pain, numbness, and other difficulties were related only to these other impairments. Similarly, although the ALJ noted that imaging revealed multilevel degenerative changes, central canal stenosis, and neural foraminal stenosis, she made no indication whether she considered these issues on the Plaintiff's lumbar area in addition to his cervical spine. [See id. at 27]. Further, the ALJ noted that the Plaintiff received some physical

therapy and medication but did not indicate for which impairments she considered the treatment. [Id. at 28]. While "[i]t may well be" that the ALJ's considered the symptoms and functional limitations associated with lumbar DDD, in conjunction with the other impairments, "meaningful review cannot rest on such guesswork" by the Court. Woods, 888 F.3d at 694; see Patterson v. Bowen, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons he gave.").

Given the ALJ's failure to discuss the Plaintiff's lumbar DDD or address the associated evidence, the Court cannot find that the ALJ considered the impairment of lumbar DDD in forming the Plaintiff's RFC. Without consideration of the Plaintiff's lumbar DDD in conjunction with the Plaintiff's other impairments, the ALJ failed to both reach a conclusion supported by substantial evidence and build a logical bridge from the evidence to her conclusion regarding the Plaintiff's RFC. See Drumgold v. Comm'r of Soc. Sec., 144 F.4th 596, 605 (4th Cir. 2025) (citing Arakas v. Comm'r Soc. Sec. Admin, 983 F.3d 83, 95 (4th Cir. 2020)).

In sum, the ALJ's failure to cite specifically to lumbar DDD and to reconcile the evidence renders the RFC conclusory and precludes meaningful review. See Monroe, 826 F.3d at 189. Accordingly, the ALJ's decision is reversed and remanded. Because the Court finds that remand is

necessary on this issue, the Court need not address the Plaintiff's other assignments of error.

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. On remand, the ALJ must consider the limiting effects of all the Plaintiff's impairments, both severe and non-severe, in determining his residual functional capacity. The ALJ must also clearly articulate how the evidence supports each of her conclusions.

## ORDER

**IT IS, THEREFORE, ORDERED** that, pursuant to the power of this Court to enter judgment affirming, modifying, or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED,** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Signed: November 9, 2026

Martin Reidinger
Chief United States District Judge